BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

|  |  |
|---|---|
| IN RE WASHINGTON MUTUAL, INC.<br>SECURITIES, DERIVATIVE AND<br>"ERISA" LITIGATION | MDL Docket No. _____ |

**MOTION OF WASHINGTON MUTUAL FOR TRANSFER OF ACTIONS TO THE WESTERN DISTRICT OF WASHINGTON PURSUANT TO 28 U.S.C. § 1407 FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS**

Defendant Washington Mutual, Inc. ("WaMu") respectfully moves this Panel, pursuant to 28 U.S.C. § 1407 and Rule 7.2 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, for an Order transferring seven similar actions, listed in the attached Schedule of Actions, to the Honorable Marsha J. Pechman, United States District Judge for the Western District of Washington, for coordinated or consolidated pretrial proceedings.

In support of the transfer and coordination or consolidation of these actions, and as more fully articulated in the accompanying supporting Brief, WaMu states:

1. To date, seven separate actions (the "WaMu Cases") have been brought against WaMu and certain individual defendants pending in the United States District Courts for the Western District of Washington and the Southern District of New York.

2. WaMu is a defendant in each of the WaMu Cases.

3. Each of the individual defendants in the WaMu Cases is an officer or director of WaMu, or both.

4. Plaintiffs in three of the WaMu Cases purport to represent nationwide classes of investors in WaMu's publicly traded securities.

5. The three putative class action complaints each assert claims under the federal securities laws and allege that defendants knowingly or recklessly published a series of materially false and misleading statements or failed to disclose material information related to (1) an alleged conspiracy between WaMu and an appraisal vendor, eAppraiseIT, related to appraisal valuations on loans originated by WaMu; (2) WaMu's exposure to loan-related losses, and its reserving and provisioning for those losses, in general and in light of that alleged conspiracy; and (3) various aspects of WaMu's performance and accounting in light of the alleged conspiracy and of changing conditions in the home lending and credit markets.

6. Although the alleged WaMu-eAppraiseIT conspiracy is the subject of a lawsuit filed by the New York Attorney General, neither WaMu nor any of the individual defendants is named in the New York Attorney General's complaint.

7. Plaintiffs in two of the WaMu Cases seek to sue derivatively on behalf of WaMu itself.

8. The two derivative action complaints each assert state law claims for breach of fiduciary duty, abuse of control, gross mismanagement, waste of corporate assets and unjust enrichment. These claims are based largely on the theory that defendants misrepresented WaMu's exposure to risk in the home loan market and also misrepresented or failed to disclose information revealed in the New York Attorney General's complaint.

9. Plaintiffs in two of the WaMu Cases purport to represent nationwide classes of participants or beneficiaries of the WaMu Savings Plan, a defined contribution retirement plan, under the Employee Retirement Income Security Act ("ERISA").

10. The two putative ERISA class actions each assert claims under ERISA for breach of fiduciary duty. The claims are based largely on the theory that the investment of WaMu Savings Plan funds in WaMu stock was imprudent because WaMu was over-reliant on the subprime mortgage market and was manipulating the appraisal process, as alleged in the New York Attorney General's complaint.

11. WaMu is incorporated under the laws of the State of Washington.

12. WaMu's principal place of business and headquarters are located in Seattle, Washington.

13. Seattle, Washington is located in the Western District of Washington.

14. WaMu generally prepares and releases its Securities and Exchange Commission filings from its Seattle, Washington headquarters.

15. WaMu generally prepares and releases its press releases from its Seattle, Washington headquarters.

16. Defendants Kerry K. Killinger, Stephen J. Rotella, Thomas W. Casey, David C. Schneider, James B. Corcoran, John F. Woods, and Daryl D. David are executives of WaMu, work at WaMu's headquarters in Seattle and live in or near the Seattle, Washington metropolitan area.

17. It is WaMu's belief at this early stage of litigation that virtually all of the relevant documents and most of the witnesses are located in or near the Western District of Washington.

18. The allegations of all seven WaMu Cases raise substantially similar claims against an overlapping group of defendants, and all seven actions will involve similar complex and disputed issues of law and fact.

19. Common issues that will need to be determined in the pending actions include, but are not limited to, whether the largely overlapping allegations in each of the seven WaMu Cases about WaMu's loan loss reserves, its disclosures, and its dealings with outside appraisal firms are true, and if true, whether these facts are material, and if material, whether defendants knowingly or recklessly misrepresented or failed to disclose these facts.

20. The consolidation and transfer of the WaMu Cases would serve the convenience of the parties, the witnesses, the judiciary and counsel in accordance with 28 U.S.C. § 1407.

21. Absent pretrial coordination or consolidation, the possibility of inconsistent pretrial rulings exists, especially on motions to dismiss and motions for summary judgment, as well as with regard to class certification and the proper scope and extent of discovery.

22. Neither motion practice nor discovery has commenced in any of the WaMu Cases.

23. Neither of the district courts in which the WaMu cases were filed has invested substantial judicial resources in these matters that would be wasted should this Panel transfer the WaMu Cases to the Western District of Washington.

24. Five out of the seven WaMu Cases are currently pending in the Western District of Washington.

25. An additional derivative action, *Catholic Medical Mission v. Killinger, et al.*, No 07-2-36548-6, has been filed in the Superior Court of the State of Washington, King County, making substantially similar allegations to the WaMu Cases. As result, discovery could be coordinated between the federal and state court actions in Washington, should the need arise.

26. The Western District of Washington has a less congested docket, particularly with regard to multidistrict litigation. As of September 30, 2006, the median time between filing and trial in the Western District of Washington was six months shorter than in the Southern District of New York. In addition, as of November 6, 2007, the Southern District of New York has thirty-eight multidistrict litigation actions pending on its dockets, compared to only one multidistrict litigation in the Western District of Washington.

27. The WaMu cases should be transferred to the Honorable Marsha J. Pechman, United States District Judge for the Western District of Washington, who is currently presiding over the first action filed in the Western District of Washington. Judge Pechman has experience presiding over complex multidistrict litigation and thus is the most logical choice.

28. Transfer of these actions to the Western District of Washington would conserve valuable judicial resources and would prevent potentially conflicting judicial decisions.

WHEREFORE, for the reasons stated herein and in the accompanying Brief in Support of WaMu's Motion for Transfer of Actions Pursuant to 28 U.S.C. § 1407, WaMu respectfully requests that the Panel issue an Order transferring all seven actions listed in the attached Schedule of Actions, as well as all subsequently filed related actions, to the Honorable Marsha J. Pechman, United States District Judge for the Western District of Washington, for coordinated or consolidated pretrial proceedings.

Date:   November 28, 2007

Respectfully submitted,

/s/ Barry Ostrager

Barry R. Ostrager
Mary Kay Vyskocil
David J. Woll
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York  10017-3954
(212) 455-2700
(212) 455-2502 (fax)
**Counsel for Washington Mutual, Inc.**