**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DENNIS KOESTERER, on behalf of himself and all others similarly situated,<br>　　　　　Plaintiff,<br><br>　　v.<br><br>WASHINGTON MUTUAL, INC., KERRY K. KILLINGER, DAVID C. SCHNEIDER and THOMAS W. CASEY,<br>　　　　　Defendants. | Civil Action No.: 07-cv-09801 (CM) |
| JOEL ABRAMS and BRIAN ROFFE, on behalf of himself and all others similarly situated,<br>　　　　　Plaintiff,<br><br>　　v.<br><br>WASHINGTON MUTUAL, INC., KERRY K. KILLINGER, DAVID C. SCHNEIDER and THOMAS W. CASEY,<br>　　　　　Defendants. | Civil Action No.: 07-cv-09806 (AKH) |
| ROBERT L. GARBER individually and on behalf of all others similarly situated,<br>　　　　　Plaintiff,<br><br>　　v.<br><br>WASHINGTON MUTUAL, INC., KERRY K. KILLINGER, STEPHEN J. ROTELLA, and THOMAS W. CASEY,<br>　　　　　Defendants. | Civil Action No.: 07-11422 (UA) |

**[PROPOSED] ORDER**

Having considered the application by the Massachusetts Pension reserves Investment Management Board for appointment as lead plaintiff and to approve its selection of lead counsel, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), and for good cause shown, the Court hereby enters the following Order:

**I.      CONSOLIDATION**

1. Pursuant to Rule 42 of the Federal Rules of Civil Procedure and Section 2121D(a)(3)(B)(ii) of the Exchange Act, as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), the above-captioned actions are hereby consolidated for all purposes into one action.

2. These actions shall be referred to herein as the "Consolidated Actions." This Order shall apply to the Consolidated Actions and to each case that is subsequently filed in this Court or transferred to this Court that relates to the same subject matter as in the Consolidated Actions.

3. Every pleading in this Consolidated Action shall bear the following caption:

UNITED STATES DISTRICT COURT<br/>SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re Washington Mutual Inc. Securities Litigation | ) ) ) | Civ. Action No. 07-cv-09801 (CM) |

When a pleading is intended to apply to all actions, the words "All Actions" should be inserted in the caption. When a pleading is intended to apply to fewer than all actions, the docket number of each individual action and the last name of the first named plaintiff shall be inserted in the caption.

4. This Court requests the assistance of counsel in calling to the attention of the Clerk of this Court the filing or transfer of any case which might properly be consolidated as part of this Consolidated Action.

## II. MASTER DOCKET AND MASTER FILE

5. A Master Docket and Master File shall be established for the Consolidated Actions. The Master File shall be Civil Action No. 07-cv-09801 (CM). All orders, pleadings, motions and other documents shall, when filed and docketed in the Master file, be deemed filed and docketed in each individual case to the extent applicable. When an order, pleading motion or document is filed with a caption indicating that it is applicable to fewer than all of these consolidated actions, the clerk shall file such pleadings in the Master File and note such filing in the Master Docket and in the docket of each action referenced.

## III. NEWLY-FILED OR TRANSFERRED ACTIONS

6. When a case that arises out of the subject matter of this action is hereinafter filed in this Court or transferred to this Court from another court, the Clerk of this Court shall:

    a. file a copy of this Order in the separate file for such action;

    b. mail a copy of this Order to the attorneys for the plaintiff(s) in the newly filed or transferred case and to any new defendant(s) in the newly filed or transferred case; and

    c. make the appropriate entry in the docket for this action.

7. Each new case that arises out of the subject matter of this Consolidated Action and is filed in this Court or transferred to this Curt shall be

3

consolidated with this action and this Order shall apply thereto, unless a party objecting to this Order or any provision of this Order shall, within ten (10) days after the date upon which a copy of this Order is served on counsel for such party, files an application for relief from this Order or any provision herein and this Court deems it appropriate to grant such application.

8.  During the pendency of this litigation, or until further order of this Court, the parties shall take reasonable steps to preserve all documents within their possession, custody or control, including computer-generated and stored information and materials such as computerized data and electronic mail, containing information that is relevant to or which may lead to the discovery of information relevant to the subject matter of the pending litigation.

### IV.     APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL

9.  The Court hereby concludes that the Massachusetts Pension Reserves Investment Management Board is the "most adequate plaintiff" and that it satisfies the requirements of Section 21D of the Exchange Act. The Court hereby appoints the Massachusetts Pension Reserves Investment Management Board as Lead Plaintiff in these consolidated securities class actions against Washington Mutual, Inc., and the other defendants.

10. The Lead Plaintiff, pursuant to § 21D(a)(3)(B)(v) of the Exchange Act, has selected and retained Berman DeValerio Pease Tabacco Burt & Pucillo ("Berman DeValerio") to be Lead Counsel and Zwerling, Schachter & Zwerling, LLP ("Zwerling Schachter") to be Liaison Counsel. This Court approves this

selection, and hereby appoints Berman DeValerio as Lead Counsel and Zwerling Schachter as Liaison Counsel.

11. Lead Counsel shall have the following responsibilities and duties, to be carried out either personally or through counsel whom Lead Counsel shall designate:

    a. to coordinate the briefing and argument of any and all motions;

    b. to coordinate the conduct of any and all discovery proceedings;

    c. to coordinate the examination of any and all witnesses in depositions;

    d. to coordinate the selection of counsel to act as spokesperson at all pretrial conferences;

    e. to call meetings of the plaintiffs' counsel as they deem necessary and appropriate from time to time;

    f. to coordinate all settlement negotiations with counsel for defendants;

    g. to coordinate and direct the pretrial discovery proceedings and the preparation for trial and the trial of this matter to delegate work responsibilities to selected counsel as may be required;

    h. to coordinate the preparation and filings of all pleadings; and

    i. to supervise all other matters concerning the prosecution or resolution of the consolidated actions.

12. No motion, request for discovery, or other pretrial proceedings shall be initiated or filed by any plaintiff without the approval of Lead Counsel, so as to prevent duplicative pleadings or discovery by plaintiff. No settlement negotiations shall be conducted without the approval of Lead Counsel.

13. Lead Counsel shall have responsibility for receiving and disseminating Court orders and notices.

14. Lead counsel shall be the contract between plaintiff's counsel and defendants' counsel, shall serve as the spokesperson for plaintiff's counsel, and shall direct and coordinate the activities of plaintiff's counsel.

15. Defendants shall serve papers on plaintiff by serving copies on Lead Counsel by overnight delivery service, by facsimile and regular mail, or by hand delivery. Plaintiff shall serve papers on defendants by serving copies on defendants' counsel by overnight delivery service, by facsimile and regular mail, or by hand delivery.

**IT IS SO ORDERED.**

DATED: _____       _____

And I hereby certify that I have mailed by United States Postal Service the documents to the following non CM/ECF participants.

Darren J. Robbins, Esq.
Coughlin Stoia Geller Rudman & Robbins LLP
655 West Broadway
Suite 1900
San Diego, CA  92101-3301

David C. Walton, Esq.
Coughlin Stoia Geller Rudman & Robbins LLP
655 West Broadway
Suite 1900
San Diego, CA  92101-3301

Alfred G. Yates, Jr., Esq..
519 Allegheny Building
429 Forbes Avenue
Pittsburgh, PA  15219


Date:   January 4, 2008				ZWERLING, SCHACTER &
							ZWERLING, LLP