A CERTIFIED TRUE COPY
ATTEST

By Mecca Thompson on Feb 21, 2008

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

Feb 21, 2008

FILED
CLERK'S OFFICE

IN RE: WASHINGTON MUTUAL, INC.,
SECURITIES, DERIVATIVE & "ERISA"
LITIGATION



MDL No. 1919

**TRANSFER ORDER**

**Before the entire Panel**: Defendant Washington Mutual, Inc. (WaMu) has moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the Western District of Washington. Plaintiffs in the Western District of Washington actions and four Western District of Washington potentially related actions support this motion. Plaintiffs in the Southern District of New York actions and interested party plaintiff the Ontario Teachers' Pension Plan Board support centralization, but suggest the Southern District of New York as transferee district.

This litigation currently consists of seven actions listed on Schedule A and pending in two districts, five actions in the Western District of Washington and two actions in the Southern District of New York.[1]

On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization under Section 1407 in the Western District of Washington will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions arising from alleged misrepresentations or omissions concerning WaMu's financial condition with respect to its subprime home loan portfolio. Whether the actions are brought by securities holders seeking relief under the federal securities laws, shareholders suing derivatively on behalf of WaMu, or participants in retirement savings plans suing for violations of ERISA, all actions can be expected to focus on a significant number of common events, defendants, and/or witnesses. Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings, especially with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the Western District of Washington is an appropriate transferee forum for this litigation, because (1) most of the actions are already pending in that district, and (2) WaMu

---

[1] The Panel has been notified of twelve potentially related actions, eight actions in the Western District of Washington, two actions in the Southern District of New York, and one action each in the Eastern District of California and the Northern District of California. In light of the Panel's disposition of this docket, these actions will be treated as potential tag-along actions. See Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

I hereby certify that the
annexed instruments is a true
and correct copy of the original
on file in my office.
ATTEST: BRUCE RIFKIN
Clerk, U.S. District Court
Western District of Washington
By _____ Deputy Clerk

-2-

is headquartered in Seattle, Washington, and relevant documents and witnesses will likely be located there.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Western District of Washington are transferred to the Western District of Washington and, with the consent of that court, assigned to the Honorable Marsha J. Pechman for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| D. Lowell Jensen | J. Frederick Motz |
| Robert L. Miller, Jr. | Kathryn H. Vratil |
| David R. Hansen | Anthony J. Scirica |

IN RE: WASHINGTON MUTUAL, INC.,
SECURITIES, DERIVATIVE & "ERISA"
LITIGATION                                                    MDL No. 1919

## SCHEDULE A

### Southern District of New York

Dennis Koesterer v. Washington Mutual, Inc., et al., C.A. No. 1:07-9801 *McMahon*
Joel Abrams, et al. v. Washington Mutual, Inc., et al., C.A. No. 1:07-9806

### Western District of Washington

Mark Nelson v. John F. Woods, et al., C.A. No. 2:07-1809
Tom Sneva, etc. v. Kerry K. Killinger, et al., C.A. No. 2:07-1826
Lynne Harrison, etc. v. Kerry K. Killinger, et al., C.A. No. 2:07-1827
Gregory Bushansky v. Washington Mutual, Inc., et al., C.A. No. 2:07-1874
Vincent Bussey v. Washington Mutual, Inc., et al., C.A. No. 2:07-1879